UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RICARDO VELASQUEZ,

       Plaintiff,

vs.

1517 NEW BANI GROCERY, INC.,
a New York corporation, d/b/a NEW
BANI GROCERY, and 138 EAST 98
STREET HOUSING DEVELOPMENT
FUND CORPORATION, a New York
housing development fund company,

       Defendants.

-------------------------------------------------------------------X

22 Civ. 07115 (LGS)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

LORNA G. SCHOFIELD, United States District Judge:

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent_____/ do not consent___√____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have___√___/ have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

     a.     An employment case governed by the Initial Discovery Protocols for Employment cases?  https://nysd.uscourts.gov/hon-lorna-g-schofield. [Yes_____/ No___√____]

     b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?  https://nysd.uscourts.gov/rules [Yes_____/ No___√____]

     c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules?  https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-gschofield [Yes_____/ No___√_____]

Revised October 14, 2021

        d.        A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
                  [Yes_____ / No___√__]

4.       Alternative Dispute Resolution/Settlement

        a.        Settlement discussions [have_____/ have not ___√__] taken place.

        b.        Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        c.        Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

            (ii) Participation in the District's Mediation Program

        d.        Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

            Within the next 60 days

        e.        **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.       No additional parties may be joined after___2/11/23___without leave of Court.

6.       Amended pleadings may be filed without leave of Court until____2/11/23_____.

7.       Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ____14_____ days from the date of this Order.  *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.    Fact Discovery

   a.    All fact discovery shall be completed no later than_____5/11/23_____.
         *[A period not to exceed 120 days, unless the Court finds that the case presents
         unique complexities or other exceptional circumstances.]*

   b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall
         be served by_____2/27/23_____.

   c.    Responsive documents shall be produced by___3/27/23____.
         Do the parties anticipate e-discovery?  [Yes_____/ No__√____]

   d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by
         _____2/27/23_____.

   e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by
         _____5/11/23_____.

   f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by
         _____7/25/23_____.

   **g.    Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the
         written consent of all parties without application to the Court, provided that
         all fact discovery is completed by the date set forth in paragraph 8(a).**

9.    Expert Discovery [if applicable]

   a.    Anticipated types of experts if any:
         _____ADA expert regarding accessibility_____
         _____
         _____

   b.    If you have identified types of experts in question 9(a), all expert discovery shall
         be completed no later than_____6/26/23_____.
         *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact
         discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified
         types of experts.

   c.    If you have identified types of experts in question 9(a), by__4/11/23__ *[no later
         than one month before the date in paragraph 8(a), i.e., the completion of all fact
         discovery]* the parties shall meet and confer on a schedule for expert disclosures,
         including reports, production of underlying documents and depositions, provided
         that (i) expert report(s) of the party with the burden of proof shall be due before
         those of the opposing party's expert(s); and (ii) all expert discovery shall be
         completed by the date set forth in paragraph 9(b).

10.     This case [is_____/ is not\_\_\_√\_\_] to be tried to a jury.

11.     Counsel for the parties have conferred and their present best estimate of the length of trial is\_\_\_2 days_____.

12.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

_____

_____

_____

_____

_____

_____

_____

13.     Status Letters and Conferences

   a.     By\_\_\_3/13/23\_\_\_\_ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

   b.     By\_\_\_\_5/25/23_____*[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c.     On\_\_\_\_~~7/XX/23 XXXXX at XX:XX XXXX~~\_\_ *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

   July 12, 2023 at 4:10 P.M.

       i.  A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

   ii.  **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parities will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated:  January 5, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

Plaintiff                                                    B. Bradley Weitz, Esq.

1517 New Bani Grocery, Inc.                    Enrique A. Leal, Esq.